Hall, J.
I think it would be improper under the circumstance of this cause for the defendant to give evidence of the fact which he has suggested under the general plea which he has pleaded.
Taylor, J.
It is the common, and I believe, the universally received opinion of the Profession, that where the general, issue is pleaded to a sealed *293 instrument without a subscribing witness, proof of the obligor’s hand-writing is sufficient to maintain the action. A witness who was present at the delivery, and is able to shew, that it was absolute and unconditional, is not required in such a case ; for, from the signature being proved, the jury will presume a sealing and lawful delivery. It would, therefore, produce much inconvenience, if, by allowing the defendant to give delivery as an escrow in evidence, the plaintiff’s action were defeated, when, perhaps, had he been apprised of the defence, he might have adduced evidence to prove a performance of the conditions. But the application of such a doctrine to the case of an assignee, would be replete with injustice, and would impose upon him such trouble and difficulty, as might materially contribute to impede the circulation of these instruments. The obligee being privy to the original contract, may be supposed to understand the terms upon which it was made, and to be ready to vindicate his right to a recovery, whenever the particular objection shall he made known to him. To him, the depositary of the writing is known ; the precise terms upon which the first delivery, was made, he must also be acquainted with, and how far they have been executed on his part. But the assignee, taking the bond upon the credit of the obligor and obligee, and of the various indorsers whose names it may bear, is probably ignorant of the circumstances of the contract ; and least of all, will he think it necessary to provide other proof to resist the general *294 issue, than that of the hand-writing of the obligor and of the first indorser. It does, therefore, appear to me reasonable as well as just, that the plaintiff should have notice of this defence by an entry on the docket, so that he might have enquired, into the truth of it, and prepared himself either to resist or yield, as the truth should warrant. And the remark of the plaintiff’s counsel has great weight with me, that the simplicity of our mode of practice, which requires only an entry upon the docket, of the defence relied upon, while it preserves what is valuable in special pleading, does effectually guard against the evils for which it has been justly reprobated. If therefore the rule of law should appear, upon an examination of the books, to be, that upon the general issue of non est factum, delivered as an escrow may be given in evidence, it should be observed, that the application of the rule to the case of an assignee could never have been contemplated, since sealed instruments were nor made negotiable in this state until 1786 ; and whatever may be the reason and justice of the rule as between the parties, it seems plain that when a bond goes into a course of circulation, the reason ceases. It is very certain that the authorities upon this subject do not all concur, and it is difficult amidst the conficting opinions of learned men, to pronounce with certainty, how the law is at present understood. But if an investigation of judicial decisions produces doubt instead of conviction, it is allowable to take into view considerations from inconvenience, and under that *295 impression, I have made these preliminary remarks.
There are several cases of an early date which seem to shew that a special non est factum was the customary defence in all cases of escrow, and even the reported cases of a later period serre to create doubt rather respecting the proper conclusion of such a plea, than as to the propriety of the plea itself. The following cases are stated in Vin. Abr. Tit. Fait. 18 Ed. 3. 3. 29. Debt upon an obligation : the defendant said that he delivered it to J. S. as an escrow, upon certain conditions, to be performed, to deliver the plaintiff as his deed ; and said the conditions were not performed and so not his deed : this is no plea, because he does not confess any delivery to the plaintiff, by which he shall say that the said J. S. delivered the obligation to the plaintiff and so non est factum, and well, because otherwise nothing shall be entered but non est factum generally. The plea was held to be defective in this case, because it omitted to state a delivery of the deed from J. S. to the plaintiff. Had this fact been stated, it is admitted that the special non est factum would have been good.
9. Hen. 6. 37. If a man seals a deed and delivers it to a third person to keep till a certain condition be performed, and then to deliver it to the obligee, and an action is brought, the defendant may plead this matter, and conclude so not his deed, because it never was delivered as a deed.
*296 19 Hen. 6. 38, and 10 Hen 6. 25. 26. If a man deliver an obligation to J. S. upon certain conditions, to be performed, to deliver to the obligee as a deed, and if not to keep as an escrow. If the obligee get it contrary to the condition and brings debt, the other cannot shew this matter and conclude so non est factum, for it was an escrow and never a deed.
The last case furnishes an example where escrow pleaded with a verification, as a special plea, was excepted to and overruled, on that ground ; it being held that such a plea should conclude with tendering an issue, The same point arises in Watts versus Rosewell, 1 Salk. 274, where judgment was rendered against a special non est factum, because it did not follow the precedents of such pleas in concluding to the country ; and although in the case of Bushel versus Pasmore, cited from 6 Mod. the special non est factum did conclude to the country, notwithstanding which, pleas of that kind were disapproved of by Lord Holt, yet the reason he gives is not quite satisfactory at present, however forcible it might have been at that time. That case was decided in 3 Anne, before the passing of the Act for amendment of the law which permitted defendants with leave of the court to enter several pleas. When a defendant was confined to one peremptory plea, it was a material advantage to him that it should be of that kind, which would place the burthen of proof upon the plaintiff.
*297 But now that several pleas may be entered, one which shall compel the plaintiff to prove his case, and another which shall apprise him of the objections intended to be made against his recover, justice is more likely to be attained by a reliance on both than by the omission of either. Consider the case even before the statute of Anne ; it strikes me that a general non est factum would afford but a very limited and partial security to defendants, whose deeds were delivered as escrows. If there were a subscribing witness and he alive at the time of trial, then indeed the plaintiff being bound to prove by him an actual delivery, so as to make it the defendant’s deed, must submit to the consequence of such evidence as the witness shall give, and in the case of a real escrow would be prevented from recovering. There, it may be said that a general non est factum is most beneficial to the defendant, and that as he had the liberty of entering but one plea, it would have been wrong to have selected that which should have placed the burthen of proof upon himself, when by pleading another, he might have placed it on the plaintiff. But if the deed had no subscribing witness, or the witness were dead, would a defendant choose to trust his case upon a general non est factum ? The plaintiff, would recover from the presumption of delivery arising from the proof of hand writing and the possession of the instrument. unless the defendant should adduce proof that it was delivered as an escrow ; and it the same necessity of bringing forward evidence to proven his case, existed, whether *298 he pleaded a general or special non est factum, then, as to him, it is not impertinent to plead the special one, which in the view of justice ought to be preferred, because it informs the plaintiff what the point is, which is meant to be disputed. Razare may be given in evidence on a general non est factum, and as that is a fact which appears upon the face of the bond, rendering it absolutely void, there is no occassion to give the plaintiff other notice, because he could not by any proof restove its validity. But in the case of escrow, the deed has been seale and delivered by the defendant, conditionally it is true but whether the condition be of such a nature as to form an escrow in point of law, may be a question or sufficient importance in some cases to be submitted to the Court in the first instance, and as the allegation arises, from circumstances which cannot be collected from a view of the instrument itself and which may or may not render it void eventually accordingly as they are valid in point of law, or true in the point of fact, there seems to be sufficient reason why the defence should be shaped as a special non est factum. Reasoning of this kind was anciently thought so just and forcible as to confirm the propriety of making all objections to a deed, which arose from matter dehors, by means of a special non est factum, whether of coverture, or because the party had no right to the thing transferred, or of rizure, interlincation or addition ; all those defences must have been specially pleaded, that the plaintiff might come prepared to falsity the evidence.
*299 The Special conclusion with an issint non est was referred to the Court for another reason viz, that they might decide in the first instance, what they might afterwards be called upon to decide upon a demurrer to evidence, or a special verdict. But at this day, says Baron Gilbert, the law is otherwise, and if a man pleads “ delivered “ as an escrow and concludes specially issint non est " factum, the general way is to put it to the jury, " because it is in effect to say there was no deed “ at all, but they may put it to the Court by an " hoc paratus est verificare, because the Court “ will judge whether he exhibited such matter as will make the deed of no effect at all &c." From this extract it appears to have been the opinion of the writer that a special non est factum is proper in the case of an escrow ; but that the better way of concluding such a plea is to the country. The opinion of Morgan cited by the plaintiff’s counsel, as to the propriety of such a plea, though he differs as to the conclusion, is I think of great weight inasmuch as he is a special pleader of eminence, and conversant in the modern practice of the courts. To this may also be added the case of Collins versus Blantern, 2 Wils. 347, where the general principle is recognized that if a bond be void in law, the facts which make it so may he averred and specially pleaded, and that the proper conclusion of such plea is with a verification.
Taking into view all the foregoing considerations. I think the present case is one, where the *300 Court may and ought to require some notice of the defence relied upon, to be given to the plaintiff.
Judgment for the plaintiff.